# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel.<br>BENJAMIN ANDUJAR,<br><br>        Petitioner,<br><br>        v.<br><br>GUY D. PIERCE, Warden,<br>Pontiac Correctional Center,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)  No. 10 C 4168<br>)<br>)  Judge George W. Lindberg<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is respondent's motion to dismiss petitioner Benjamin Andujar's petition for writ of habeas corpus. For the reasons stated below, the motion to dismiss is granted.

**I.**     ***Procedural History***

In 1992, petitioner was convicted in state court of aggravated criminal sexual assault, home invasion, armed robbery, and felony escape, and was sentenced to concurrent prison terms totaling 60 years. *People v. Andujar*, No. 1-92-1936, slip op. at 1 (Ill. App. Ct. Dec. 9, 1994). On December 9, 1994, on direct appeal, the Illinois Appellate Court affirmed the conviction. *Id.* at 17. Petitioner did not file a petition for leave to appeal in the Illinois Supreme Court.

Petitioner filed a *pro se* post-conviction petition in the Circuit Court of Cook County on November 15, 1995.[1] The trial court denied this petition on December 8, 1995. Petitioner filed a petition for a writ of mandamus on April 5, 1996, and filed a petition for leave to amend or

---

[1] As respondent correctly notes, this document is considered filed as of the date it was mailed, even though it was not file-stamped until thirteen days later. *See People v. Saunders*, 633 N.E.2d 1340, 1341 (Ill. App. Ct. 1994).

supplement his original post-conviction petition on August 6, 1996. The trial court denied both of these petitions. The Illinois Appellate Court consolidated these cases on appeal, and on December 19, 1997 affirmed the trial court's judgment on the merits.[2] *People v. Andujar*, Nos. 1-96-3821 & 1-96-4436, slip op. at 2 (Ill. App. Ct. Dec. 19, 1997). Petitioner did not file a petition for leave to appeal in the Illinois Supreme Court.

Nearly ten years later, on August 28, 2007, petitioner filed a *pro se* motion for leave to file a successive post-conviction petition in the Circuit Court of Cook County. The trial court denied the motion. The Illinois Appellate Court affirmed the trial court's order on July 27, 2009. *People v. Andujar*, No. 1-07-3099, slip op. at 2 (Ill. App. Ct. July 27, 2009). Petitioner filed a petition for leave to appeal in the Illinois Supreme Court, which that court denied on November 25, 2009. *People v. Andujar*, 920 N.E.2d 1074 (Ill. 2009).

Meanwhile, on August 27, 2008, petitioner had filed a petition for relief from judgment in the Circuit Court of Cook County. The trial court denied this petition. The Illinois Appellate Court dismissed petitioner's appeal, on petitioner's motion, on March 4, 2009. *People v. Andujar*, No. 90-0103 (Ill. App. Ct. Mar. 4, 2009).

Petitioner filed his petition for writ of habeas corpus in this court on June 16, 2010. Respondent argues that the habeas petition is untimely under the statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA), because petitioner failed to file

---

[2] Petitioner denies that he appealed the denial of his post-conviction petition. However, in its December 19, 1997 order, the Illinois Appellate Court stated that "[d]efendant Benjamin Andujar appeals from the denial of his pro se post-conviction petition, his petition for mandamus and his motion to amend the previously denied post-conviction petition . . . ." Based on its review of the record and the parties' briefs, that court found "no issues of arguable merit," and affirmed the judgment of the circuit court.

it within one year after the Illinois Appellate Court affirmed the denial of petitioner's post-conviction petition on December 19, 1997.

**II.   *Legal Standard***

The AEDPA prescribes a one-year limitations period for filing an application for a writ of habeas corpus by a person in state custody.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  This time is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

**III.   *Analysis***

Because petitioner did not file a petition for leave to appeal the Illinois Appellate Court's December 9, 1994 order affirming his conviction on direct appeal, his conviction became final 21 days later, on December 30, 1994.  *See* Ill. Sup. Ct. R. 315(b) (1994) (requiring any party seeking leave to appeal to file a petition in the Illinois Supreme Court within 21 days after the Illinois Appellate Court entered judgment).  Since petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, petitioner received the benefit of a grace period to file his habeas petition, until April 24, 1997.  *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir.

2005); *Lindh v. Murphy*, 96 F.3d 856, 865-66 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). In addition, respondent does not dispute that petitioner's 1995 post-conviction petition was properly filed,[3] and thus that petitioner's time for filing his habeas petition here was tolled until the Illinois Appellate Court affirmed the denial of that petition on December 19, 1997. *See* 28 U.S.C. § 2244(d)(2). Therefore, unless the limitations period was tolled in some other way, petitioner had one year after December 19, 1997 – until December 19, 1998 – to file his habeas petition here.

### A.     *Statutory Tolling Under 28 U.S.C. § 2244(d)(1)(B)*

Petitioner argues that the limitations period was statutorily tolled under 28 U.S.C. § 2244(d)(1)(B) as a result of certain impediments that prevented him from filing his habeas petition earlier. According to petitioner, he was prevented from filing his habeas petition earlier because: (1) the trial court violated state law by failing to timely notify him that it had denied his post-conviction petition and his supplemental post-conviction petition;[4] (2) petitioner's appeals relating to the denials of his petition for writ of mandamus and his post-conviction petition were consolidated without petitioner's knowledge or consent; (3) petitioner's attorneys mishandled his direct appeal and post-conviction appeal; and (4) petitioner's mental illness prevented him from understanding his legal rights.

---

[3] Although it appears that this post-conviction petition may have been untimely, the trial court denied it on the merits, and the appellate court affirmed the denial on the merits. Therefore, it is considered to have been "properly filed" for tolling purposes. *See Rice v. Bowen*, 264 F.3d 698, 701 (7th Cir. 2001).

[4] 725 ILCS 5/122-2.1(a)(2) provides that if the trial court summarily dismisses a prisoner's post-conviction petition as frivolous or patently without merit, the court must serve the dismissal order on the petitioner "by certified mail within 10 days of its entry."

"Although neither § 2244 nor [the Seventh Circuit] has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original). In addition, the impediment must have been created by state action. *See Powell v. Davis*, 415 F.3d 722, 727-28 (7th Cir. 2005). Here, petitioner has not identified any state-created impediment that prevented him from filing a timely habeas petition here.

First, petitioner has not shown how the trial court's failure to notify petitioner of the denial of his post-conviction petition prevented him from filing a timely federal habeas petition. As noted above, an appeal was filed from that denial, and the time during which that appeal was pending tolled the limitations period for filing his habeas petition here. Moreover, even if the state court's failure to notify him of the denial of his initial and supplemental post-conviction petitions somehow constituted an "impediment" under § 2244(d)(1)(B), petitioner acknowledged in his August 6, 1996 petition for leave to supplement his post-conviction petition that he had learned on June 20, 1996 that the trial court had denied his initial post-conviction petition. However, he still did not file his habeas petition for nearly fourteen more years.

Second, petitioner does not show how the consolidation of the appeals relating to the denials of his petition for writ of mandamus and his post-conviction petition affected his ability to file a timely federal habeas petition.

Nor were petitioner's attorneys' actions impediments caused by state action that prevented petitioner from filing a timely federal petition. First, even if his attorneys were appointed public defenders, this employment status does not render their actions "state action."

5

*See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law when performing the traditional function of a lawyer representing a client in a criminal proceeding); *Powell*, 415 F.3d at 727. In addition, petitioner has not shown how his attorneys' actions during the state-court appeals prevented him from filing a timely federal petition. Moreover, petitioner had no federal right to counsel in the post-conviction proceedings, and therefore can show no violation of Constitutional or federal law based on such counsel's actions. *See Powell*, 415 F.3d at 727.

Finally, petitioner's mental illness is not an impediment created by state action, and therefore cannot support a finding of tolling under § 2244(d)(1)(B). The Court finds that the limitations period was not tolled under § 2244(d)(1)(B).

**B.     *Equitable Tolling***

Petitioner also suggests that his time to file his habeas petition was equitably tolled. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

For the same reasons stated above, the Court finds that petitioner has not shown that he was prevented from filing a timely habeas petition by the trial court's failure to notify him of the summary denial of his post-conviction petition, or by the consolidation of his state-court appeals. Nor has petitioner described the kind of egregious attorney misconduct necessary to support equitably tolling the limitations period. *See Holland*, 130 S. Ct. at 2564 (stating that in order to

warrant equitable tolling, attorney misconduct must be extraordinary, and not merely garden variety negligence or excusable neglect). Moreover, petitioner has not shown that he pursued his rights diligently, as is evidenced by the lengthy period that elapsed before he filed his federal habeas petition.

The Court turns to petitioner's argument that the limitations period should be equitably tolled because of his mental illness. In order to show that his mental illness equitably tolled the limitations period, petitioner must show that his illness actually prevented him from timely filing his habeas petition. As the Seventh Circuit has observed, "the traditional rule [is] that mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them" *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996); *see also Bolarinwa v. Williams*, 593 F.3d 226, 231 (1st Cir. 2010) (warning that "mental illness does not toll a filing deadline *per se*").

Petitioner states that his mental illness began in 1983, when he suffered a serious head injury at the Stateville Correctional Center. He offers his mental health records dating from December 1, 1983 to February 11, 1998, which indicate an extensive history of mental illness. Petitioner states in an affidavit filed with his habeas petition that his mental illness caused the delay in filing his habeas petition. Petitioner also submits the affidavit of another inmate, who states that petitioner has an "obvious" mental impairment.

The Court finds that petitioner has not demonstrated that his mental illness rose to the level of an extraordinary circumstance that prevented him from filing a timely habeas petition. Although petitioner has submitted his mental health records through February 1998, he does not supply any mental health records for the lengthy period after February 1998 when he contends his

mental illness prevented him from filing a timely habeas petition. In addition, petitioner acknowledges in an October 17, 2010 surreply brief that he "began regaining competence in (2007)," and he argues only that his mental illness prevented him from understanding his legal rights through 2007. Indeed, petitioner showed that he was capable of filing documents in court at least as early as 2007, as demonstrated by his filing his *pro se* motion for leave to file a successive post-conviction petition in state court on August 28, 2007, and a petition for relief from judgment in state court on August 27, 2008. Thus, even if the Court were to accept that petitioner suffered from a mental illness that prevented him from filing a federal habeas petition through 2007, petitioner has not justified the additional three-year delay in filing his federal habeas petition between 2007 and 2010. The Court concludes that petitioner has not shown that the limitations period should be equitably tolled. Therefore, petitioner had until December 19, 1998 to file his federal habeas petition.

### C. *Additional Tolling Under 28 U.S.C. § 2244(d)(2)*

Finally, the Court notes that petitioner's attempt to file a successive post-conviction petition in 2007 and a petition for relief from judgment in 2008 did not toll his time to file a federal habeas petition under 28 U.S.C. § 2244(d)(2). For the reasons discussed above, petitioner's time for filing his federal habeas petition expired in 1998. Petitioner's subsequent state-court filings did not restart the clock under § 2244(d)(2). *See DeJesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir.), *cert. denied*, 130 S. Ct. 758 (2009).

### IV. *Conclusion*

Since petitioner has not shown that the limitations period is subject to any additional tolling, it expired on December 19, 1998. Petitioner's habeas petition, filed over a decade later,

is untimely.

**ORDERED:** Respondent's motion to dismiss the petition for a writ of habeas corpus [9] is granted. The petition for writ of habeas corpus [1] is dismissed. Case terminated.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED:    November 8, 2010